PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NICANOR FERRER, Defendant and Appellant.

No. 4630.—Argued March 17, 1932.—Decided May 27, 1932.

*Pedro E. Anglade* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Nicanor Ferrer appeals from a judgment which convicted him of the offense of involuntary manslaughter, committed while he was driving an automobile with which he struck Juan Alvino, a human being who died in consequence thereof.

One of the grounds urged in support of the appeal is that the lower court permitted the prosecuting attorney to read to the jury a previous sworn statement of Ana Luisa Colón.

After Ana Rodríguez testified that she and Ana Luisa Colón went from the ward of Coquí, Salinas, where they resided, to Guayama, and were returning to their residence in the automobile operated by Nicanor Ferrer, both of them occupying the rear seat and another man riding in front with Nicanor Ferrer, the prosecuting attorney called Ana Luisa Colón to the stand, who testified that she had gone to Guayama and was returning to the ward of Coquí, Salinas; that she was traveling with Ana Rodríguez in the automobile driven by Nicanor Ferrer, and that she knows where the Jobos Bridge is located. She was asked whether she had heard anything at said bridge and she answered that she had, that in the curve the driver sounded his claxon, but after-

wards did not sound it anymore, and that it was after passing the curve that "that thing happened." On being asked again what happened, she answered: "He sounded his claxon while going." Then the following incident occurred:

"Q. Tell these gentlemen, the jury, what happened beyond the curve. You do not want to testify; have you been told not to? Speak up.

"Judge: Answer the questions which are being asked. You did not come here to be seen, but to testify truthfully as to the facts which you know. Ask her the question.

"District Attorney: Did you see any person on the road after passing the bend near the bridge?

"A. No, sir.

"Q. You saw no one?

"A. No, sir.

"Q. Did anything happen there concerning the car?

"A. It did; the only thing that happened. . .

"Q. Go on, have you been told not to testify to that effect?

"Judge: Let us hear what happened, haven't you eyes to see and ears to hear; well, what happened?

"District Attorney: Have you testified previously before the district attorney who is now speaking to you; have you testified before this time?

"A. Yes, sir.

"Q. When; don't you remember having testified before me when that happened?

"A I testified, yes.

"Q. Then, why don't you testify now the same thing you testified before?

"Defendant: Not the same thing. Let her testify the truth about what happened there.

"District Attorney: If she does not testify, it will be at her risk.

"Defendant: Let her testify what actually happened.

"Judge: All right, let the district attorney continue his questioning.

"District Attorney: Did the car run over any person during the trip?

"A. Yes, it did.

"Q. Whom?

"A. That gentleman.

"Q. What gentleman, do you know him, do you know his name or don't you know him; answer yes or no.

(No answer.)

"Q. Which car was it that struck that man; what car was it?

(No answer.)

"District Attorney: · Your Honor, will the court take notice of the rebellious attitude of this witness in not answering the questions of the prosecution?

"Judge: Answer the question of the district attorney, what car was it, don't you know?

"District Attorney: In this case I am going to refresh the recollection of the witness with what she said before.

"Defendant: I object on these grounds: because it has not been shown that the witness has forgotten what she said then, and secondly, because when the investigation was made the defendant was not present.

"Judge: The accused does not have to be present during the investigation.

"Defendant: If he offers those statements, made while we were not present, we were not given an opportunity to cross-examine the witness.

"Judge: That was a private investigation carried on by the district attorney; here, at the trial, is where the defendant must be present; those others are private investigations.

"Defendant: Then we respectfully take an exception to the ruling of the court because we understand that it has not been shown that the witness has forgotten what she testified before the district attorney but on the contrary, the district attorney has indicated by his attitude and by his words that the witness is hostile. In our opinion the court and the district attorney have means at their disposal to compel the witness to testify, and by using those means the rights of the defendant would be safeguarded.

"District Attorney: You testified before me, isn't that so?

"A. Yes, sir.

"Defendant: Besides, we are going to raise another objection and it is this: that the witness has not testified anything contrary to what she previously testified before the district attorney, and the only way in which the prosecuting attorney could introduce that in evidence in the instant case would be to impeach the veracity of the witness.

"District Attorney: The law and the decisions hold that it is precisely in cases where the witness is hostile that the prosecution

may refresh the recollection of the witness if he has made previous declarations regarding the matter as to when he is being questioned and refuses to testify, in spite of the questions, which is precisely a case like the present one.

"Judge: The witness is not answering the questions of the prosecution, therefore, the evidence is admitted.

"Defendant: We respectfully take an exception."

Thereupon the prosecuting attorney read to the witness in the presence of the jury, the testimony she had given before him. When he finished he asked the witness whether she had given said testimony before him and she answered that she had, whereupon the prosecution declared to have finished with the witness.

As we have seen, the witness testified that it was beyond the bend that "that thing happened," and we think that the fact that in answering the question put to her as to what happened she stated that he sounded the claxon when he was going, did not justify the prosecuting attorney in rebuking her by asking whether she refused to testify and whether she had been told not to testify. She was answering the questions she was being asked. The prosecuting attorney was not acting in accordance with the law when he asked the witness why she would not testify now the same thing that she had testified before him, as what a witness should testify at a trial is the truth and not what he testified before the prosecuting attorney, if the witness did not tell the truth when testifying before him. It is true that it was after she had testified that the car ran over a person that she failed to answer when asked to state the name of such person and whether she knew him; and she also failed to answer when asked which car struck that person. But her silence, which can be explained by the state of her mind, due to the manner in which she had been questioned, did not justify the reading of her former statement to the jury on the ground of refreshing her recollection, as this is permitted under section 245 of the Civil Code of Puerto Rico in connection with section 159 of the Law of Evidence, in order to impeach the veracity of

a witness, when he has made previous declarations inconsistent with his present testimony. And in the record we find nothing to show that she was testifying contrary to any statements she had made before the district attorney. In the case of *People* v. *Lafontaine*, 43 P.R.R. 21, several paragraphs are quoted from Underhill on Criminal Evidence in reference to this matter. What was really done in the instant case was to disregard the testimony of the witness in court and to allow her former statement made before the district attorney to be considered by the jury as evidence in the case. The witness was not even allowed to explain the contradictory statements, if any, in both declarations, as required by the cited sections. Indeed, the testimony given by Ana Luisa Colón before the district attorney and not the one given at the trial, for really she did not testify in regard to the death imputed to the accused, went to the jury for their consideration in rendering the verdict and this constituted prejudicial error, affecting the rights of the appellant.

In view of the conclusion we have thus reached, it is not necessary to consider the other grounds of appeal urged.

The judgment appealed from should be reversed and the case remanded for a new trial.

Mr. Justice Córdova Dávila took no part in the decision of this case.